J-S24021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :             PENNSYLVANIA
                                               :
               v.                              :
                                               :
                                               :
JULIAN RASHAD MICKEL            :
                                               :
                Appellant            :     No. 1196 WDA 2023

Appeal from the PCRA Order Entered September 12, 2023
In the Court of Common Pleas of Erie County Criminal
Division at No(s):  CP-25-CR-0000168-2016

BEFORE:   BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:             **FILED: August 13, 2024**

Julian Rashad Mickel ("Mickel") appeals from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In December 2014, the Commonwealth charged Mickel in relation to the December 6, 2014, death of Jaree Warner ("the victim").  **See** PCRA Petition, 9/26/22, at 2.  On the day of the victim's murder, a woman who identified herself as "Shamillia Jones" contacted the police and identified Mickel as the shooter.  **See id**. at 4-5.  Police later discovered "Shamillia Jones" was Shiawna Lyons ("Lyons").  **See id**. at 5.  Lyons was initially unwilling to

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

cooperate with police, but ultimately gave a formal statement in October 2016 implicating Mickel in the murder. *See id*. Lyons later claimed she only gave the statement in hopes of helping her boyfriend who was under investigation for an unrelated homicide. *See id*.

Mickel's first trial, which ended in a mistrial, took place in in March 2017. *See id*. Contrary to Lyons statement to police that she saw Mickel shoot the victim, Lyons testified she did not see the shooter but only saw a flash of a weapon; she believed Mickel was involved because she had seen him earlier that day and knew he was feuding with the victim. *See id*. Lyons also claimed her brothers were incarcerated on the same prison block as Mickel and told her not to testify because they did not want her charged with perjury. *See id*. at 6.

At Mickel's second trial, which also ended in a mistrial, Lyons testified she saw Mickel shoot the victim. *See id*. at 6. Lyons explained she changed her testimony to help her boyfriend and because she was afraid for her brothers' safety. *See id*.

On the day Mickel's third trial was scheduled to begin in September 2017, he entered a guilty plea to third-degree murder. The trial court sentenced him to nine to eighteen years in prison to be served consecutively to a sentence in a related case. Mickel did not file a direct appeal.

In February 2020, Mickel filed his first PCRA petition. The PCRA court dismissed it as untimely in March 2020. Mickel appealed and this Court dismissed the appeal for failure to file a brief.

In September 2022, Mickel filed a counseled PCRA petition, his second. Mickels attached to the petition a signed, unnotarized "affidavit" from Lyons, recanting her testimony at both of his trials, and claiming she did witness the murder and Mickel was not the shooter.[2]

The PCRA court subsequently issued a Rule 907 notice. Mickel did not file a response. In September 2023, the PCRA court dismissed the petition. This timely appeal followed.[3]

Mickel raises three issues for our review:

1. Did the PCRA court err when it dismissed [Mickel's] after[-]discovered evidence claim without an evidentiary hearing, despite [Mickel's] petition raising material issues of fact which required an evidentiary hearing to resolve?

2. Did the PCRA court err in its reliance on **Commonwealth v. Jones**, 2021 Pa. Super. Unpub. LEXIS 324 (unpublished)?

_____

[2] This Court is forced to cite Mickel's brief to recount the relevant facts because the copy of the Lyons' affidavit forwarded to this Court is illegible. This Court has clearly stated it is the appellant's responsibility to ensure that the certified record contains all documents necessary to ensure this Court is able to review his claims, a responsibility that includes ensuring all documents are readable. **See Commonwealth v. B.D.G.**, 959 A.2d 362 (Pa. Super. 2008); Pa.R.A.P. 1926; Pa.R.A.P. 1931.

[3] Mickel and the PCRA court complied with Pa.R.A.P. 1925. The PCRA court adopted its Rule 907 notice as its opinion.

3. Did the PCRA court err by holding that after[-]discovered evidence claims are not cognizable under the PCRA when a defendant pleaded guilty?

Mickel's Brief at 4 (capitalization regularized).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotation marks omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." *Id*. at 145 (internal citation omitted).

We must initially determine whether the PCRA court had jurisdiction to adjudicate Mickel's petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment

becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).[4] The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii).

Mickel's judgment of sentence became final on November 17, 2017, when thirty days passed from the date the trial court entered the judgment of sentence and Mickel did not file a direct appeal. *See* 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Mickel had until November 19, 2018,[5] to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Mickel's second PCRA petition, filed in September 2022, is facially untimely.

However, Mickel contends his claim falls within the newly-discovered fact exception to the PCRA's timeliness requirements. *See* 42 Pa.C.S.A. §

---

[4] A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

[5] November 17, 2018, was a Saturday.

9545(b)(1)(ii);[6] *see also* PCRA Petition, 9/26/22, at 7-8. The Pennsylvania Supreme Court has repeatedly stated it is the appellant's burden to plead and prove one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

This Court has previously explained the interplay between the newly-discovered facts exception to the PCRA's timeliness requirements and a substantive claim of after-discovered evidence as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted

---

[6] This exception applies when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

> Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176–177 (Pa. Super. 2015) (footnote, some internal citations, and quotation marks omitted, emphases in original).

Mickel contends he first discovered Lyons had recanted her testimony when an investigator interviewed her prior to the filing of the instant PCRA petition. *See* PCRA Petition, 9/26/22, at 7. Mickel alleges he could not have discovered this evidence any earlier with the exercise of due diligence. *See id*.

The PCRA court addressed Mickel's claim as an assertion of after-discovered evidence. *See* Rule 907 Notice, 7/19/23, at 3-4. It failed to address the preliminary, jurisdictional issue of whether Mickel satisfied the timeliness requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii), namely the assertion of **newly discovered facts** with due diligence. *See id*. Because

the PCRA's timeliness requirements are jurisdictional, the PCRA court erred by addressing the merits of Mickel's claim without first addressing its timeliness. *See Albrecht*, 994 A.2d at 1093.

Our review of the record demonstrates Mickel has not shown he exercised due diligence in obtaining this information. Accordingly, we affirm the PCRA court's decision, although on different grounds than the court relied upon. *See Commonwealth v. Elliott*, 249 A.3d 1190, 1193 n. 3 (Pa. Super. 2021), ("It is well-settled that this Court may affirm the decision of the [trial] [c]ourt if it is correct on any basis.") (citations and internal quotation marks omitted).

As noted above, the record clearly shows Lyons was a reluctant and inconsistent witness, whose trial testimony changed based on her desire to help her boyfriend and brothers. Given this, Mickel knew or should have known at the time he decided to enter his guilty plea that the content of Lyons' testimony at a third trial was unknowable and might or might not inculpate him. Mickel chose to plead guilty. More important for due diligence purposes, Mickel does not allege he ever requested first PCRA counsel contact Lyons or that he did anything else to ascertain whether Lyons had again changed her version of events between the entry of his guilty plea in September 2017 and the time the investigator interviewed her almost five years later. Given that history, due diligence would require, at the least, that Mickel inform first PCRA counsel of the possibility Lyons might change her testimony, and therefore

that she be contacted. "A petitioner must . . . explain why his asserted facts could not have been ascertained earlier with the exercise of due diligence." **Commonwealth v. Taylor**, 933 A.2d 1035, 1041 (Pa. Super. 2007) (citation omitted). Mickel fails to explain his failure to request an interview of Lyons at an earlier date. Thus, Mickel failed to show he complied with the due diligence requirement of 42 Pa.C.S.A. § 9545(b)(1)(ii). **See id**. at 1041; **see also Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001) (rejecting attempt to invoke section 9545(b)(1)(ii) because appellant failed to offer any evidence he exercised due diligence in obtaining facts upon which his claim was based). Mickel's claim does not merit relief and the PCRA court did not err in denying relief.

Accordingly, we affirm the denial of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/13/2024

- 9 -